## SUPREME COURT

### ANONYMOUS.

In actions on promissory notes against the makers or endorsers, where the answers are only a denial of the allegations in the complaints, and in which no affidavits of merits are made or served, and there is no appearance by the defendants at the trials, and in which inquests are taken, the court will not *pre-*

*sume* the defences had been unreasonably or unfairly conducted; but other facts must be established to entitle the plaintiffs to extra costs in such cases.

Extra costs are not given to the plaintiff under § 308 of the Code, for the sole purpose of punishing the defendant. They should be given only in actions where two facts concur, viz., 1st. That the defence has been unreasonably or unfairly conducted: 2d. That the ordinary costs are insufficient to compensate the plaintiff for his expenses in the action.

In actions on promissory notes, where the answers contain only a denial of the allegations in the complaints, slight evidence only will be required beyond the facts appearing by the pleadings, to authorize the court to award extra costs to the plaintiffs where inquests are taken.

*Madison Circuit, February,* 1856.

BALCOM, Justice, *presiding.* Inquests were taken in several actions on promissory notes against the makers, and in some against the endorsers, in which the answers were simply a denial of the allegations in the complaints. The plaintiffs asked for extra costs under § 308 of the Code, on the ground that the defences had been unreasonably or unfairly conducted.

BALCOM, Justice, held, that extra costs were not given to the plaintiff in such cases, for the sole purpose of punishing the defendant; and said that a percentage on the recovery should be allowed only in cases where the ordinary costs would be insufficient to compensate the plaintiff for his expenses in the action, although the defence had been unreasonably or unfairly conducted; and that he would not *presume* the defence had been unreasonably or unfairly conducted in actions on promissory notes, where the answers were only a denial of the allegations in the complaints, and in which there were no affidavits of merits filed or served, and no appearance by the defendants to prevent the taking of inquests. That two facts must be established before he would allow the plaintiffs a percentage on their verdicts in these actions: 1st. That the defences had been unreasonably or unfairly conducted, and that slight evidence only would be required in the cases beyond those appearing by the pleadings. 2d. That the ordinary costs were insufficient to compensate the plaintiffs for their expenses in the actions.

Such proof was made in these actions, and a percentage on the verdicts was allowed the plaintiffs, sufficient to cover their expenses in the actions over and above the ordinary taxable costs, recoverable of the defendants.